On May 4 and 5, 1948, appellant was tried in the Essex County Court of Quarter Sessions on a charge of assault and battery, upon an indictment alleging that on November 6, 1947, at the Town of Bloomfield, in said county, he "did make an assault upon Ernest W. Law, Junior, and then and there did beat, wound and ill treat the said Ernest W. Law, Junior, * * *." A jury convicted defendant-appellant, and on May 19, 1948, he was sentenced for a term of eighteen months, with provision that he serve thirty days of the sentence and thereafter be released on probation for the balance of the term.
The questions raised on this appeal have to do entirely with the alleged failure of the trial judge to charge as requested. There is no challenge of the sufficiency of the evidence to warrant a finding of guilt.
On the date of the alleged assault a plant in Bloomfield was being picketed by strikers; the complaining witness Law was an office employee of the company, not participating in the strike; defendant was an organizer for the union, of which the striking employees were members; Law drove up to the entrance gate several times before he finally entered; each time defendant sought to persuade him not to go into the plant; on the last occasion, as Law started to drive through the gate, defendant was charged with reaching in the open window of the car, on the side Law was seated, and striking him in the face. Three police officers, who were on duty there, corroborated Law's charge of being deliberately struck by defendant. Defendant testified that while he was endeavoring to persuade Law not to enter the plant, Law started the car and, as defendant started to jump away from the car, his hand accidentally came into contact with Law's hat.
Appellant urges two grounds for reversal. The first point has to do with statements of the prosecuting attorney in his *Page 54 
argument to the jury, and the alleged failure of the trial judge to correct same in his charge to the jury. The second point has to do with the alleged failure of the trial judge to charge as requested by defendant.
As to the first point, it appears that at the close of the argument for the State, defendant's counsel sought a side bar conference with respect to some remarks of the prosecuting attorney to the jury, whereupon the judge said: "I will have something to say on that question to the jury." Thereupon, the prosecuting attorney said: "I don't agree with my learned adversary. There is nothing inflammatory there. I am not trying to play on the prejudice of the jury, if that is the idea of Mr. Mehler's statement or intent. I asked and say now, that the jury should decide this case wholly on the evidence." Counsel for defendant then said: "That is what I thought the jury should decide on."
The trial judge clearly and adequately instructed the jury with respect to the consideration to be given to the evidence by the jury. He said in part: "The court has no power to decide nor to instruct the jury how to decide any questions of fact but the jury are the sole and final judges of the facts including the ultimate conclusion of guilty or not guilty to be reached on all the evidence in the case. As judges of the facts it is their function, responsibility and duty to recollect what the evidence is, and all of the evidence, the occurrences during the trial, the appearance and conduct of the witnesses, whether evidence is or is not in the case, and whether it is disputed or undisputed, and to be controlled by their own recollection alone in all such matters." He further charged: "As the court is the sole judge of the law you cannot in any way take into consideration the rulings that the court made nor any colloquy that might have been had between counsel and between the court and counsel; and any statement that counsel may have made in their summations or any statement that the court should make as to any of the evidence that does not coincide and agree with your own memories and recollections you must entirely disregard because as I stated to you, you are the sole judges of the facts and you have to determine *Page 55 
and settle the facts from what you remember of the witnesses and the evidence."
Inasmuch as nothing further was said by counsel upon this phase of the charge, it seems evident that it was regarded as adequate. Counsel took exception to the court's refusal to charge certain requests, but did not again mention this subject. We conclude that the court adequately charged the jury upon this subject and that there was no error and that defendant suffered no prejudice thereby.
In his brief, counsel for appellant discussed the alleged failure of the trial judge to charge the last clause in request No. 4, and requests Nos. 6 and 7. At the argument of this cause, counsel for appellant withdrew the alleged failure to charge requests Nos. 6 and 7, and urged the failure to charge the latter portion of request No. 4.
Request No. 4 was as follows:
"4. It is the duty of each juror while the jury is deliberating to give careful attention and consideration to the views of his fellow jurors and to discuss the facts with them. You are instructed the verdict may be reported only if all of the jurors concur in that verdict. Your verdict must reflect the unanimous opinion of the jurors, that is, the independent judgment of each juror. Each juror, however, should give to the opinions of his fellow jurors careful consideration and due deference; but no juror should yield a conscientiousconviction, based upon the evidence or the lack of evidence, merely forthe purpose of reaching a verdict." (Italics supplied.)
As stated above, the complaint of appellant is addressed to the alleged failure of the trial judge to charge the last clause above quoted in italics. The court said as follows:
"It is the duty of each juror while the jury is deliberating to give careful attention and consideration to the views of his fellow jurors and to discuss the facts with them. The verdict may be reported only if all the jurors concur in that verdict. Your verdict must reflect the unanimous opinion of the jurors, that is, the independent judgment of each juror. Each juror, however, should give to the opinions of his fellow jurors *Page 56 
careful consideration and due deference and reach his own judgment after a discussion of the facts with his fellow jurors."
The complaint is that the language of the request was not adopted by the trial judge. However, it was made clear that any verdict should rest upon "the independent judgment of each juror" and that each juror should "reach his own judgment after a discussion of the facts with his fellow jurors."
In State v. Hauptmann, 115 N.J.L. 412, 436 (E. A.
1935), a somewhat similar situation was dealt with. There the request was that "if there is in the mind of any juror a reasonable doubt of the defendant's guilt, fairly arising from the evidence in the case, the juror has no right to consent to a verdict of guilty in deference to or from respect to the other jurors' belief or opinion. Such juror must stand by and abide by his own belief formed in his own mind from the whole of the evidence in the case in which he believes, including the testimony of the defendant."
The Court of Errors and Appeals held, in an opinion by Mr. Justice Parker:
"This was properly refused, as it seems to foreclose any persuasion of a juror by his fellows. The jury are sent out for the very purpose of reaching an agreement, and an individual juror may well conclude that he must be in error when he finds eleven against him. The request was covered by the instruction: `I am requested to charge and do charge that each juror must reach his own judgment after discussion of the facts with his fellow jurors.'"
In the instant case, as stated above, the court charged that the verdict must rest upon the "independent judgment of each juror" and should rest only upon his own judgment. The charge in State v.Hauptmann, supra, was more limited than in this case.
We conclude that the trial judge adequately charged the jury and that no error has been shown.
The judgment of conviction is affirmed. *Page 57